*Union Rolling Mill Co. v. Warren Packard et al.

1. Attachment Not Allowed for Constructive Fraud.

Attachment on the ground of fraudulent conveyance of property lies only in case of actual fraud. The mere fact that the debtor converted his business house into a corporation, and transferred his assets to it, will not sustain such attachment, without evidence of fraudulent intent.

2. Evidence as to Intention in Conveying Property.

An attachment debtor may testify as to his intention in conveying his property. An objection to a question is too late after the answer is not what is expected.

3. Right to Open and Close the Argument.

It is not error, in a court trial, to allow the side not having the burden of proof, to open and close the argument. The court may hear that side first, as to which the judge has a doubt.

Laubie, J.

Petition in error to reverse an order of the court below in discharging and dissolving attachments.

The first error claimed is the action of the court in allowing defendant's counsel to open and close the argument.

The case was heard on a motion to discharge the attachments. Evidence was introduced in the ordinary method, the burden falling on the attaching creditors, and they having the opening and closing. The court allowed the defendants' counsel to open and close the argument. This was a hearing to the court and not to a jury, and it can hardly be assumed that the order in which the arguments were presented was an error prejudicial to the plaintiff. The argument does not consist in having the last word. The strongest is the best, and the court can appreciate and weigh it. It is matter of discretion for the judge to determine when he will hear counsel, and he can say, as is frequently done, that he does not wish to hear from one until the argument of the other has raised a doubt in his mind.

It is alleged that the court erred in allowing evidence to be introduced relative to a report, made to the Bradstreet Commercial Agency, as to the existence of the corporation of W. Packard & Co. The report of the new corporation was signed by the president and witnessed by the secretary, and the evidence was introduced for the purpose of showing that Mr. Packard was giving publicity to the organization. The questions were asked the witness on cross-examination. The court holds that the question at the direct examination made the matter a proper subject of inquiry on cross-examination, and no error exists.

It is also alleged that there was error in allowing Mr. Packard to testify as to his intention in forming the corporation and conveying his property to it. It appears that plaintiff's counsel allowed several questions to be asked and answered, and then objected after an answer had been given to the third question. Counsel cannot sit by and allow improper questions to be asked and answered, and then object when he finds the answer was not what he expected. The objection came too late. No objection was made to the form of the question, but to the subject-matter, and to the competency of the witness. The Supreme Court has decided that certain forms of questions may not be put, but the witness can testify as to his intention. The evidence was competent.

*The decision in this case is followed by Circuit Court in Hoyman v. Beverstock, 1 Dec., 528. It was cited with approval by the Superior Court, 1 Dec. 233-234.

It is also held that there was no error in allowing Mr. Packard to testify that he had letter heads printed giving the name of the corporation, and containing also the words : "Established 1851. Incorporated 1884."

The important point urged is that the court below erred in discharging the attachments on the evidence. The orders of attachment were issued on the ground of fraudulent disposition and concealment of property. The question arises, may an attachment be maintained on constructive, fraudulent disposition of property? Constructive frauds are such as are assumed by the court to have been committed by acts without regard to motive. In some cases the law assumes that the act is fraudulent, because it deprives creditors of rights. In actual results the act may produce fraud to creditors, although such an intention may not exist in the mind of the debtor. Constructive fraud should be carefully distinguished from intentional fraud. Can an attachment be maintained on a constructive fraud. It is not claimed that there was an intentional fraud in this case, or if there was such a claim, the court did not so find. The statute specifies particularly that there must be an intent to defraud. The doctrine of courts of equity is urged by counsel for plaintiff. Courts of equity will hold acts to be fraudulent although there is no intention to defraud, and it is urged that this is sufficient to hold an attachment. There is a marked difference in the two remedies. Setting aside a conveyance is the final remedy a creditor may have. That is the place to determine about a consideration. The remedy by attachment is provided before judgment, and it is resorted to when it is presumed the creditor cannot satisfy his claim in the ordinary way of judgment. Attachment is an extraordinary remedy, and the creditor must bring his case within the letter of the law to get the strong arm of the court to take from the debtor his property before judgment. The court is satisfied that the extraordinary remedy of attachment cannot be exerted unless the intention to defraud appears. Evidently such was the intention of the legislature.

The same is true in regard to the arrest of a debtor. There was no intention to confer power to arrest, where the debtor does not manifest desire or intention to defraud.

The evidence discloses no corrupt design in the formation of the corporation and transfer of the property. The testimony of Packard showed he had enough to pay his debts if let alone. The mere formation of a corporation and transfer of property to it, cannot be regarded as fraudulent unless a fraudulent design is shown. The liability of Warren Packard as a member of the corporation of W. Packard & Co., is different from his liability as a partner in the firm of W. Packard & Co., but an existing creditor cannot claim that he was misled by the name of the corporation, though a future creditor who relied upon the individual credit of W. Packard, might be misled.

The judgment of the lower court is affirmed.